## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 29 2015, 8:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cornelius T. Banks, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | July 29, 2015 <br><br> Court of Appeals Case No. 34A02-1501-CR-37 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable William C. Menges, Jr., Judge <br><br> Cause No. 34D01-1407-FA-501 |

**Brown, Judge.**

[1] Cornelius T. Banks appeals his sentence for dealing in cocaine as a class B felony. Banks raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

[2] On January 30, 2014, Banks sold cocaine to an informant for sixty dollars. On June 30, 2014, the State charged Banks with Count I, dealing in cocaine as a class A felony; Count II, dealing in cocaine as a class B felony; Count III, dealing in cocaine as a class B felony; and Count IV, dealing in cocaine as a class B felony, and on July 9, 2014, the State charged Banks with Count V, dealing in cocaine as a class A felony. On November 3, 2014, Banks and the State entered into a Recommendation of Plea Agreement (the "Plea Agreement") in which Banks agreed to plead guilty to Count II and the State agreed to dismiss the remaining counts, as well as all charges under Cause No. 34D01-1408-F4-599 ("Cause No. 599") and a petition to revoke filed in 34D01-1009-FA-784 ("Cause No. 784"). Under the Plea Agreement, the parties agreed that the court would have discretion in sentencing Banks with a maximum executed portion of any sentence capped at fifteen years. On December 17, 2014, the court held a sentencing hearing and entered sentence which, as amended, ordered Banks to serve fifteen years in the Department of Correction (the "DOC") followed by five years suspended to probation.

## Discussion

[3]     The issue is whether Banks's sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[4]     Banks argues that, while he supplied illegal drugs, on each occasion he was contacted by the informant and thus was not seeking out an unwilling participant in the transaction. He asserts that "[m]aximum sentences are reserved for the most heinous of crimes." Appellant's Brief at 4. He acknowledges that he has one prior felony as an adult, as well as "a significant and lengthy juvenile history," which he argues "should be somewhat diminished due to the lack of judgment and development exhibited by juveniles." *Id.* He also argues that his drug dependency should be taken into account in imposing his sentence, stating that he "should be immediately recommended to the Therapeutic Community, or Purposeful Incarceration, where he can receive the treatment and education he needs . . . ." *Id.* at 5. Banks requests that this court impose a sentence of ten years executed followed by five years suspended to probation.

[5] To the extent Banks suggests that he received a maximum sentence, we note that he did not receive a maximum sentence under the statute governing his offense. Ind. Code § 35-50-2-5(a) ("A person who commits a Class B felony (for a crime committed before July 1, 2014) shall be imprisoned for a fixed term of between six (6) and twenty (20) years . . . ."); *See Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010) (noting that in reviewing sentences pursuant to Ind. Appellate Rule 7(B), we may consider not only the appropriateness of the aggregate length of the sentence, but also "whether a portion of the sentence is ordered suspended or otherwise crafted using any of the variety of sentencing tools available to the trial judge").

[6] Our review of the nature of the offense reveals that Banks sold cocaine to an informant for sixty dollars. Before entering into the Plea Agreement, Banks faced two counts of dealing in cocaine as class A felonies, as well as two additional counts of dealing in cocaine as class B felonies under this cause number.

[7] Our review of the character of the offender reveals that, in his presentence investigation report ("PSI"), Banks reported that he began using alcohol at the age of seventeen and that he has used marijuana, Ecstasy, cocaine, meth, Xanax, Lortab, and Norco. The PSI also reveals that, despite his young age of twenty-three at the time of sentencing, Banks has a lengthy criminal history. As a juvenile, in 2006 he was adjudicated delinquent for habitual disobedience of parent, guardian, or custodian and was placed on formal probation, which was unsuccessfully completed. In 2007, he was referred to probation for disorderly

conduct as a class B misdemeanor if committed by an adult. That same year, he was found delinquent for residential entry as a class D felony if committed by an adult, battery resulting in bodily injury as a class A misdemeanor if committed by an adult, and battery as a class B misdemeanor if committed by an adult. He was placed on formal probation and failed to successfully complete his probation. In 2008, he was referred twice to probation for charges of resisting law enforcement, and for theft and possession of marijuana. In 2009 he was referred to probation for leaving home without permission of a parent, guardian, or custodian, truancy, and battery as a class B misdemeanor if committed by an adult.

[8] As an adult, in 2010 Banks was sentenced for possession of a narcotic drug as a class A misdemeanor as a lesser included offense and placed on probation. In 2011, he was sentenced for dealing in cocaine or narcotic drug as a class B felony to ten years, including six years executed and four years suspended to probation under Cause No. 784. The State initially filed a petition to revoke his probation under that cause, which was dismissed pursuant to the Plea Agreement. He also had a charge of dealing in cocaine dismissed under Cause No. 599 as a result of his guilty plea.[1]

[9] After due consideration of the trial court's decision, we cannot say that the sentence of fifteen years executed and five years suspended to probation

---

[1] The PSI recites the cause number as "34D01-1407-F4-899." Appellant's Appendix at 69.

imposed by the court is inappropriate in light of the nature of the offense and the character of the offender.

## Conclusion

[10] For the foregoing reasons, we affirm Bank's sentence for dealing in cocaine as a class B felony.

[11] Affirmed.

Friedlander, J., concurs.

Riley, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Cornelius T. Banks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

Court of Appeals Case No.
34A02-1501-CR-37

**Riley, Judge dissenting**

I respectfully dissent from the majority's decision that Banks' sentence of fifteen years executed and five years suspended to probation for his Class B felony dealing in cocaine is appropriate in light of the nature of the offense and Banks' character. While I agree that Banks has a lengthy juvenile history, it should be noted that the juvenile true findings were incurred adjudications unrelated to the instant offense. *See, e.g., Watson v. State,* 784 N.E.2d 515, 521 (Ind. Ct. App. 2003). Banks' juvenile history reflects true findings for, among others, habitual disobedience, residential entry, and battery whereas the instant offense is a drug felony.

[13] Furthermore, although Banks, as an adult, previously incurred a Class B felony dealing in cocaine, he never received any sort of treatment. Accordingly, in light of his young age and the acknowledgment of his substance abuse problem, I would adopt the recommendation of his probation officer and impose a sentence of fifteen years with ten years executed and five years suspended to supervised probation. Because he has never been granted a meaningful opportunity for corrective and rehabilitative treatment, I would recommend Banks to the Therapeutic Community or Purposeful Incarceration.